**In re WOLFORD ENTERPRISES, INC., Debtor.**

**James E. WOLFORD, Charles D. Wolford and Jeannette C. Withrow, Plaintiffs,**

v.

**WOLFORD ENTERPRISES, INC., Penn Eastern Corporation, and James W. Loughner, Sr., Defendants.**

**Bankruptcy No. 81-20021.
Adv. No. 81-0025.**

United States Bankruptcy Court, S. D. West Virginia.

April 16, 1981.

P. Michael Pleska and William H. Scharf, Charleston, W. Va., for plaintiffs.

Norman E. Rood, Huntington, W. Va., for Wolford Enterprises, Inc.

Leon K. Oxley, Huntington, W. Va., for Penn Eastern Corp. and James W. Loughner, Sr.

## MEMORANDUM OF OPINION

EDWIN F. FLOWERS, Bankruptcy Judge.

In this adversary proceeding, the Plaintiffs demand that judgments be entered against the Defendant Penn Eastern Corporation on promissory notes issued by it to the Plaintiffs, and against the Defendant James W. Loughner, Sr., on his personal guarantee of the payment of this indebtedness. In addition, the Plaintiffs seek a lifting of the automatic stay imposed by 11 U.S.C. § 362(a), to enable them to continue foreclosure proceedings against real property owned by the Defendant Wolford Enterprises, Inc. (the chapter 11 debtor in possession), and conveyed by deed of trust to secure the payment of the above promissory notes.

On the motion of the Plaintiffs a consolidated final hearing, as contemplated by 11 U.S.C. § 362(e), was held on March 17, 1981. After considering the evidence presented and counsels' attendant argument, the Court finds, for the reasons discussed below, that judgment ought to be entered in favor of the Plaintiffs and against the Defendants, James W. Loughner, Sr., and Penn Eastern Corporation. The Court denies, however, the Plaintiffs' request to lift the automatic stay to permit foreclosure against the Debtor's realty.

The Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1471, as a proceeding arising in or related to a case filed under title 11 of the United States Code. The Bankruptcy Reform Act of 1978 [hereinafter Bankruptcy Code] is applicable to the instant bankruptcy case, filed on January 22, 1981.

### The Facts

On August 15, 1979, the Plaintiffs James E. Wolford, Charles D. Wolford, and Jeannette C. Withrow, owners of all of the outstanding stock of Wolford Enterprises, Inc., sold all of their Wolford stock to the Defendant Penn Eastern Corporation. The Plaintiffs each received a cash payment on the date of the sale, with the remaining purchase price evidenced by three promissory notes, one to each of the Plaintiffs. The principal amount of each note was to be paid in two installments, due August 15, 1980, and August 15, 1981, respectively. Each note specifies that interest, accruing from the sale date, is to be "payable monthly on the last day of the month and computed by multiplying the unpaid principal balance by one-twelfth (1/12) the high of the domestic prime lending rate as quoted by the *Wall Street Journal* on the first business day of the month in which the payment of interest is due." Plaintiff's Exhib-

its 1–3. At the time of the stock purchase, Wolford Enterprises, Inc., now wholly owned by Penn Eastern, granted a deed of trust conveying all of its real property in trust to William H. Scharf, Trustee, to secure payment of the promissory notes. Contemporaneously, James W. Loughner, Sr., now President of both corporations, personally guaranteed payment of the notes, as evidenced by three "guaranty agreements." Plaintiff's Exhibits 4–6.

Encountering financial difficulties, Penn Eastern was unable to pay the principal due on August 15, 1980. The Plaintiffs each "extended" this initial principal payment for one year, to August 15, 1981. The second and final payment, originally due August 15, 1981, was extended to August 15, 1982. Despite this postponement of principal, Penn Eastern failed to pay all interest accruing on the notes after, and including, October, 1980. The Plaintiffs notified the Defendants of the default on December 5, 1980, declaring the unpaid principal and accrued interest immediately due and payable.

Foreclosure against the Wolford Enterprises realty under the deed of trust was scheduled for February 5, 1981. The foreclosure proceedings were stayed, however, by the filing of Wolford Enterprises' chapter 11 bankruptcy petition on January 22, 1981. Thereafter, the trustee under the deed of trust continued the foreclosure to July 15, 1981.

Wolford Enterprises' schedule of debts, contained in its bankruptcy petition, acknowledges the secured debts owing to the Plaintiffs. The real property subject to the deed of trust in favor of the Plaintiffs comprises all of the real property owned by, and virtually all of the assets of, Wolford Enterprises.

### Judgment on Notes and Guarantees

It is upon the above-described promissory notes that the Plaintiffs seek judgment against Penn Eastern and James Loughner. In their respective answers, the Defendants vaguely allude to objections to "the specificity of amounts and lien status of alleged debts;" however, no serious attempt was made to present evidence sufficient to dissuade this Court from entering judgment in favor of the Plaintiffs.

The Defendants raise no issue, nor do they point to specific defects, which affect the validity of and the effect to be given the promissory notes, the personal guarantees, and the deed of trust. Plaintiff's Exhibit 7 is a certified copy of the deed of trust recorded in Putnam County on August 5, 1979, the date of the sale.

Nor do the Defendants deny that the promissory notes are in default or contest the Plaintiffs' right to accelerate payment of the balance of the remaining indebtedness. While it is true that the Plaintiffs agreed to postpone the initial principal payment, the terms of the promissory note specify that failure to declare one default does not constitute waiver of the right to recognize a subsequent default.

Moreover, the Defendants acknowledge, and do not dispute, the principal owing to James E. and Charles D. Wolford, and Jeanette C. Withrow, respectively, in the amounts of $104,076.00, $104,076.00, and $54,548.00.

Finally, the method of calculating the interest due on the unpaid principal is not disputed. The Defendants have voiced some concern over the accuracy of the interest rates used and the computations made by the Plaintiffs. However, such can be readily resolved by consulting the prime interest rates quoted in the *Wall Street Journal*, as specified by the promissory notes. The Defendants' concern, though valid, does not preclude an accurate computation of accrued interest.

The Court can find no basis upon which to deny enforcement of the promissory notes and personal guarantees. Judgment will accordingly be entered in favor of the Plaintiffs and against the Defendants Penn Eastern and Loughner.

### Automatic Stay

The Debtor, Wolford Enterprises, has no direct liability on the promissory notes or

personal guarantees, as mentioned above; however, all of its real property is encumbered by a deed of trust securing the payment of those notes. The Plaintiffs ask for relief from the automatic stay invoked by the Debtor's bankruptcy filing, so that they may continue the foreclosure proceedings begun prior to the bankruptcy filing, and continued to July 15, 1981.

Section 362(d) of the Bankruptcy Code directs the court to modify or terminate the automatic stay imposed by 11 U.S.C. § 362(a):

(1) for cause, including lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization. [11 U.S.C. § 362(d) (1978).]

The Plaintiffs assert the lack of adequate protection of their interests, the Debtor's lack of equity in the property, and its unimportance to the Debtor's effective reorganization. The Defendants successfully refute these assertions.

The issues raised in this proceeding have been litigated intensively by courts attempting to apply the principles espoused by section 362(d). In many instances, the issues of the debtor's equity and adequate protection of the creditor's interests are inseparable. On previous occasions, the court has found that equity may afford adequate protection to the creditor. See In re 5-Leaf Clover Corp., 6 B.R. 463 (Bkrtcy.S.D.W.Va. 1980); In re Elkins Trucking Co., Inc., Case No. 80–30075 (S.D.W.Va.1980) (unpublished); In re Orlando Coals, Inc., 6 B.R. 721 (Bkrtcy.1980). See also In re Rogers Development Corp., 5 B.C.D. 1392, 2 B.R. 679 (Bkrtcy.E.D.Va.1980); In re Pitts, 2 B.R. 476 (Bkrtcy.C.D.Cal.1979); In re Blazon Flexible Flyer, Inc., 407 F.Supp. 861 (N.D. Ohio 1976). This may be especially so where, as here, the value of the property securing the debt appreciates, rather than depreciates, over time. Determination of the existence, or lack of, a debtor's equity requires, in turn, appraisal of the value of the property in relation to the debt balance it secures.

In the instant case, the value of the realty is not hotly contested. The evidence establishes an approximate value of $500,-000.00; the principal debt, less accrued interest, totals approximately $260,000.00. The Plaintiffs' contention that Wolford Enterprises lacks equity apparently is based upon the fact that the realty is encumbered by a second deed of trust in favor of the Kanawha Valley Bank, securing a debt of $350,000.00. Thus, total debt exceeds the estimated value.

However, such an interpretation fails to acknowledge that, upon foreclosure, the Plaintiffs' deed of trust has priority over that of the bank, and that the value of the property is more than sufficient to satisfy the Plaintiffs' lien. In point of fact, the Plaintiffs' debt, absent an unforeseen change in circumstance, is fully secured. Of significance also is the likelihood that the value of the property will not diminish over time. The Plaintiffs did not rebut Loughner's testimony that the property appreciates in value yearly at an estimated rate of ten percent.

Moreover, the Debtor's realty is not the only resource available to satisfy the Plaintiffs' debt. As found above, the Plaintiffs have recourse to both Penn Eastern and Loughner for satisfaction of their claims.

Perhaps the most telling argument against lifting the automatic stay lies in the policy underlying rehabilitation under chapter 11 of the Bankruptcy Code. "The Bankruptcy Code is designed to allow chapter 11 debtors time in which to formulate a plan of rehabilitation free from creditor pressure. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 340–42 (1977); S.Rep.No. 95–989, 95th Cong., 1st [sic] Sess. 49–51 (1978)." In re Yankee Coal Company, Inc., Case No. 80–50106 (S.D.W.Va., November 26, 1980) (unpublished opinion). 11 U.S.C. § 1121 guarantees the debtor 120 days, commencing with the bankruptcy filing, within which to file a plan of reorganization. During this

period, no other parties in interest may propose a plan for the debtor. Forcing the debtor to disgorge all or substantially all of its assets, pursuant to a section 362 complaint, prior to the running of this exclusive 120-day period, is tantamount to imposing a creditor's plan upon the debtor. *See In re Yankee Coal Corporation, Inc., supra.*

In the present case, Wolford Enterprises' exclusive 120-day period expires on May 22, 1981. Loughner, its president, testified that the Debtor intends to file a liquidating plan, that the realty should be sold by August, and that a higher sale price could be realized if the property was disposed of by auction rather than foreclosure on the courthouse steps. The Plaintiffs argue that reorganization of this Debtor is not possible since the Debtor is not a business, citing *In re Old Second National Bank of Aurora*, 6 B.C.D. 1135 (Bkrtcy.N.D.Ill.1980). To the contrary, *Old Second* is not applicable to the facts of this case. *Old Second* merely holds that the trustee of a land trust is ineligible for *any* relief under the Bankruptcy Code. Moreover, section 1123(b)(4) of the Code specifically contemplates the filing of a liquidating plan.

The Plaintiffs seek to foreclose on July 15, while the Debtor argues that it should be able to sell the property by August. Viewed realistically, the two positions emerge as a difference in degree only. Inasmuch as the value of the realty appears to be appreciating, it is unlikely that the Plaintiffs will be irreparably harmed by postponement of their foreclosure to August.

For all of the foregoing reasons, the Court declines to lift the automatic stay at this time. This of course, does not prevent the Plaintiffs from seeking further relief where future events alter the factual pattern here presented.

An order consistent with the above findings will be entered.