**In the Matter of: Bartley L. MICKLER, a/k/a Bart Leland Mickler, a/k/a B. L. Mickler, a/k/a Bart L. Mickler, doing business as Bart Mickler Ranch and Elaine Mickler, his wife, Debtors.**

**Paul Ed CHURCH, Jr. and wife Ellen H. Church, and Samuel C. Evans, Trustee, Plaintiffs,**

**v.**

**Bartley L. MICKLER and Elaine Mickler, Defendants.**

**Bankruptcy No. 80–1226.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Aug. 10, 1981.

Samuel Evans, William McElwee, North Wilkesboro, N. C., Charles Ketchey, Jr., Tampa, Fla., for plaintiffs.

Don Stichter, Tampa, Fla., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the matter under consideration is an amended complaint filed by Paul & Ellen Church, (the Plaintiffs) which seeks to lift the automatic stay imposed by § 362(a) of the Bankruptcy Code with respect to certain property owned by Bartley and Elaine Mickler, (the Debtors). The stay is sought to be lifted under § 362(d)(1) for cause and under § 362(d)(2) on the alleged grounds that the Debtors lack equity and the property is not necessary for an effective reorganization.

The facts which are germane to the matter in question may be summarized as follows:

The Debtors acquired the subject property on December 28, 1976 from Paul E. Church, Jr., Ellen H. Church; Paul E. Church, Sr. and Maggie Mae Church. As part of this transaction they made a down payment and executed a promissory note secured by a mortgage lien in the face amount of $81,000 (Plf's Exh. # 1) evidenced by a Deed of Trust on the subject property. The Deed of Trust was recorded in Alleghany County, N.C. (Plf's Exh. # 2). Although the Debtors made the initial payment on the note on December 28, 1977, they made no further payments either on the principal or on the 6% per annum interest, called for by the note.

In due course, the Plaintiffs instituted an action to foreclose the Debtors interest in the subject property and on June 12, 1980, obtained a Final Judgment of Foreclosure (Plf's Exh. # 3). The judgment provided that Bart Mickler was to pay Samuel E. Evans, the Trustee under the Deed of Trust, $52,550 plus Trustee's fees of $4,629.37. The Debtors were further directed to pay to the Plaintiffs the sum of $40,037.41. The Judgment also provided for payment of attorney fees in the amount of $4,629.37 and interest which runs on the Judgment at the legal rate of 6%. The record reveals that the Debtors placed $30,-700.81 in the Court registry of the Alleghany Superior Court in partial satisfaction of the judgment. The judgment is, however, presently on appeal, but the $20,000 supersedeas bond has not been posted by the Debtors.

The record reveals that the property is further encumbered by a $7,076.17 judgment lien (Plf's Exh. # 5) and total outstanding encumbrances on this property are currently $114,979.82.

The property involved in this controversy consist of 45.5 acres of raw land basically suitable only for farming or for grazing livestock. The property is located in Whitehead Township, Alleghany, N.C. and there is a creek running through the property approximately 1880 feet in length. The creek was originally on an uneven course, but the previous owner altered the course and the creek is now running almost straight across the property. It appears from the record that the banks of the creek are subject to a significant erosion primarily due, according to the Plaintiffs, to lack of any foliage which would protect the banks of the creek. It is the Debtors' contention that the erosion is due to spring floods and because of the straightening of the creek, the water flow is rapid, and thus has a heavy impact on the banks of the creek.

The subject property is contiguous to two other tracts of land owned by the Debtors. Although the Debtors reside for the most part of the year in Florida, they use the property during the summer for grazing cattle. It is without dispute that the cattle raising activity of the Debtor is limited and is not really significant.

The Court is satisfied that the fair market value of the property based on the appraisal of the Plaintiff's is $79,625.

It is the Plaintiffs contention that the automatic stay imposed by § 362(a)(5) should be lifted under § 362(d)(1) for lack of adequate protection because the Debtors have made no payments since December 28,

1977, and that because of the steady erosion of the banks of the creek due to the alleged lack of maintenance and care by the Debtor, the property is subject to steady waste and as a result is declining in value.

In addition, the Plaintiffs contend that the automatic stay should be lifted for lack of Debtor's equity and because the property is not necessary for an effective reorganization. This is so because the value of the property, to wit: $79,645 is greatly exceeded by the amount of encumbrances, to wit: $114,979.82 plus costs and fees incurred by the Plaintiffs in connection with this adversary proceeding. With respect to whether the property is needed for effective reorganization, the Plaintiffs contend that because the Debtors' plan of reorganization in reality proposes a partial liquidation of their assets, this property cannot be considered to be needed for the rehabilitation of the Debtors so that they can remain in business as cattle farmers. The mere fact that the Debtors would like to have the property on which to herd and fatten livestock is legally insufficient to satisfy the requirement that the property is needed for an effective reorganization.

In opposition, the Debtors contend that the stay should not be lifted for cause because the Debtors are able to provide adequate protection to the Plaintiffs. The Debtors own other contiguous properties in which the Debtors have significant equity cushion and the Debtors are willing to grant second mortgages on these properties to the Plaintiffs. The Debtors are also willing to allow the Clerk of the Court for Alleghany Superior Court to release the funds currently held in the registry to the Plaintiffs in partial satisfaction of the final judgment. Finally, the Debtors claim to have a signed contract for sale of 13 acres in Pinellas County, Florida which will be closed in less than 30 days and this sale will produce sufficient funds to pay all monies due to the Plaintiffs in full or nearly in full. With respect to the problems of erosion, the Debtor has taken steps to prevent further erosion.

With respect to whether the stay should be lifted under § 362(d)(2) the Debtors contend that the value of the property is in excess of $90,000 and is necessary to an effective reorganization because the property is needed for use by the Debtors during the hot summer months in order to fatten their cattle which are transported from Florida to North Carolina.

The Court is satisfied that the stay should remain in effect with the proviso that the Plaintiffs' interest in the property is adequately protected by the Debtor for the following reasons:

Although the Debtors do in fact lack equity in the subject property, the record makes it clear that the Debtor owns other contiguous properties which have ample equity cushion and which would support a second mortgage. In addition, the Court is satisfied that an immediate payment of $30,700.81 can be made to the Plaintiffs from the funds in the Alleghany Superior Court registry. Finally, the Court is satisfied that the Debtors should be given the 30 days requested to close the sale on the 13 acres in Pinellas County, Florida and apply the net proceeds to the amount of the Plaintiffs' encumbrance.

Although the Court is not overly persuaded by the Debtors' need to use the subject property for cattle farming, the Court is persuaded that inasmuch as the plan is largely one of partial liquidation of assets, the Debtors should be able to select the assets that should be sold and which to retain so long as the rights of the parties are not significantly impaired and their interest is adequately protected.

It, therefore, appears appropriate to enter a final judgment in favor of the Plaintiff, lifting the stay in 45 days from the date of entry of this Order unless the Plaintiffs are paid off in full or agree to accept partial payment and a second mortgage on the Debtors contiguous property.

A separate final judgment will be entered in accordance with the foregoing.