**In the Matter of CERTIFIED MORTGAGE CORP., Debtor.**

**LANDMARK BANK OF TAMPA and First City Federal Savings & Loan Assoc., Plaintiffs,**

v.

**CERTIFIED MORTGAGE CORP., Defendant.**

**Bankruptcy No. 81–363. Adv. No. 82–497.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 20, 1982.

R. Terry Rigsby, Tampa, Fla., for plaintiffs.

Domenic L. Massari, Tampa, Fla., for defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a Complaint to Obtain Relief from Stay of Lien Enforcement filed by the Plaintiffs, Landmark Bank of Tampa (Landmark) and First City Federal Savings & Loan Association (First City). The Plaintiffs seek relief from the automatic stay imposed by § 362 of the Bankruptcy Code in order to foreclose the mortgage on certain real property held by Certified Mortgage Corporation, the Debtor in a Chapter 11 reorganization case.

The facts are without serious dispute and can be summarized as follows:

The Debtor is the owner and holder of certain real property which was conveyed to the Debtor by one Lynne E. Wolfe on May 7, 1980. The property is subject to a first mortgage and promissory note executed by a previous owner which is presently held by First City but serviced by Landmark. The Debtor defaulted on the monthly payment due February 1, 1981 and all subsequent monthly payments. The present balance due on the note is $25,757.28 and interest arrearages from January 1, 1981 through August 10, 1982 are $3,459.63. Interest

continues to accrue at the rate of $6.08 per day. The property is also encumbered by a second mortgage of $9,000 executed July 28, 1980 by the Debtor to Herman and Bertie Hertzog. The parties have stipulated that the value of the property is at least $41,500.

The Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code on March 9, 1981. The Plaintiffs subsequently filed their Complaint under § 362(d)(1) and (2) alleging that the Debtor has no equity in the subject property; that the property is not necessary for an effective reorganization and that the Plaintiffs lack adequate protection.

This sole issue before the Court at this time is whether the Debtor has equity in the property within the meaning of § 362(d)(2) of the Code. The Plaintiffs contend that the Court must consider all outstanding liens and encumberances against the property in its determination. The Debtor, of course, contends that the Court should limit its inquiry to the value of the property vis-a-vis the balance secured by the first mortgage and should not consider any junior encumberances not joined in the proceeding.

Section 362(d)(2) provides in pertinent part as follows:

> (d) On request of a party in interest . . . the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (2) with respect to a stay of an act against property, if—
> (A) the Debtor does not have an equity in such property and
> (B) such property is not necessary to an effective reorganization.

The legislative history of the section does not shed any meaningful light on what constitutes "equity", but this Court has considered the question on prior occasions.

The case of *Central Florida Production Credit Association v. Spring Garden Foliage, Inc.,* 15 B.R. 140 (Bkrtcy.M.D.Fla.1981) presented the same issue. In that case, the Plaintiff, holder of a senior lien who sought relief from the stay, urged that in deter-

mining the presence or absence of equity, the Court should consider all liens on the subject property even though other lienors did not seek relief from the stay. This Court rejected this proposition urged by the Plaintiff in *Spring Garden, supra* and held that the Plaintiff who seeks relief from the automatic stay must establish lack of equity by showing that the Defendant has no equity vis a vis, the Plaintiff and the burden of proof on this issue placed on the Plaintiff by § 362(g)(1) cannot be discharged by relying on other encumbrances on the subject property. Accordingly, as long as the debtor has substantial and meaningful equity vis a vis, the senior encumbrancer who seeks relief from the stay, the stay should not be lifted. *See also, In re Wolford Enterprises, Inc.,* 11 B.R. 571 (Bkrtcy.S.D.W. Va.1981). There has been no case law found by counsel or by independent research which persuades this Court to reverse its position articulated in *Spring Garden.* The Plaintiffs assert that this Court's decisions in *Matter of Eggers,* 19 B.R. 225 (Bkrtcy.M.D.Fla.1981) and *Matter of Mickler,* 13 B.R. 631 (Bkrtcy.M.D.Fla.1981) represent a departure from the Court's previous position. This proposition is without basis. The decisions in those cases were based on several other factors. *Eggers* involved the claim of a junior encumbrancer and in that case the Court was greatly swayed by the fact that the Debtor was virtually incapable of an effective reorganization. *Mickler* involved a totally different factual situation. The cases are clearly inapposite to the matter presently under consideration.

In the present case there is no doubt that vis a vis the Debtor has substantial equity in the subject property. Therefore, the Plaintiffs are not entitled to relief under § 362(d)(2).

The Court is also satisfied that the Plaintiffs are not entitled to relief under § 362(d)(1). The Debtor previously has been ordered to make monthly payments as adequate protection. The payments coupled with the Debtor's substantial equity in the property provide more than adequate

protection to the Plaintiff and therefore justifies denial of the request for relief.

A separate final judgment will be entered in accordance with the foregoing.