**In re Robert Dale PRICE and Martha Ann Price, Debtors.**

**No. 283–00200.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Jan. 12, 1984.

Don L. Patterson, Amarillo, Tex., for debtors.

MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The United States of America, Small Business Administration, filed motion for modification of stay to permit it to foreclose its claimed liens against the debtors'

ranch. The following summary constitutes findings of fact and conclusions of law after nonjury trial.

Robert Dale Price and wife, Martha Ann Price, filed petition for order for relief under Chapter 11 of Title 11, United States Code, on October 21, 1983. The principal asset in the estate is a ranch consisting of 9,670 acres of land in Gray, Roberts, Hutchinson and Carson Counties, Texas, including some undivided mineral interests and 2,077 acres of water rights. The debtors' schedules reflect that 13 creditors have liens against the real estate and related personal property securing principal indebtednesses approximating $3,500,000.00. However, Small Business Administration, with principal debt totalling approximately $560,000.00, enjoys either second or third priority among the existing liens. The lien of Farmer's Home Administration enjoys first priority and it secures an indebtedness of approximately $1,800,000.00. Panhandle Bank and Trust has an indebtedness owed to it of $430,000.00 and its lien is either equal to, or possibly superior to, the liens of SBA. Thus the liens of SBA and superior liens are concerned with indebtednesses totalling approximately $2,800,000.00.

The appraisal testimony at the trial reflected conflicting opinions as to the value of the surface of the ranch ranging from $230.00 per acre to $300.00 per acre for the ranchland and $350.00 per acre for the irrigated agricultural portion of the ranch. The appraiser who testified as to the lower value of the land added $30.00 per acre for improvements and for water rights for total value of $260.00 per acre, or approximately $2,500,000.00. The only testimony which was adduced at the trial concerning the value of the mineral interest owned by the debtor reflected value of that interest of $327,272.00 based upon a gross appraisal of $200.00 per mineral acre or $34.09 per acre for the fractional interest in minerals owned by the debtor. Thus, under that lower appraisal the value of all collateral is only $2,827,272.00, approximately the

aggregate amount of the SBA debt and the notes secured by superior liens.

The appraiser who supplied evidence of the higher value per acre of the surface testified that in his opinion the improvements on the property are valued at $827,-500.00. He concluded that the total value of the ranch is $3,890,000.00 and, after the 200 acre homestead with improvements is deducted, he concluded that the value of the nonexempt portion of the ranch with improvements is $3,695,000.00. When the undisputed value of minerals is added to his figures a value of approximately $4,000,000.00 is reached for the ranch.

SBA argued that under its appraisal testimony [1] there is no equity in the collateral in excess of its debt and those debts secured by superior liens. Further SBA argues that this Court, in determining the "equity" issue, must consider all outstanding encumbrances, including those encumbrances which are inferior to the SBA liens.

There is a split in the decisions which have considered the issue. Some have concluded that when a party occupying a senior lien position seeks relief from the stay it makes no difference how many junior encumbrances are outstanding against the subject property so long as the debtor has a substantial and meaningful equity cushion over and above the senior encumbrance. *See* e.g. *Matter of Certified Mortgage Corp.*, 25 B.R. 662 (Bkrtcy.M.D.Fla.1982); *Matter of Spring Garden Foliage, Inc.*, 15 B.R. 140, 143 (Bkrtcy.M.D.Fla.1981); *In re Wolford Enterprises, Inc.*, 11 B.R. 571 (Bkrtcy.S.D.W.Va.1981).

Other decisions have held that all encumbrances against the debtor's property should be considered when a debtor has equity cushion, even where the complaint for modification of stay is prosecuted only by the senior encumbrance. *See In re McCall*, 25 B.R. 199 (Bkrtcy.E.D.Pa.1982); *In re Fidelity America Mortgage Co.*, 25 B.R. 171 (Bkrtcy.E.D.Pa.1982); *In re Shriver*, 33 B.R. 176, 11 B.C.D. 93 (Bkrtcy.N.D. Ohio 1983). In *Shriver* the Court noted:

---

1. The comparables used by the appraiser produced by SBA were effectively challenged by the

debtors and that lower appraisal is therefore suspect.

**580**

"The opposite view, that only the senior encumbrances should be considered, seems to confuse the question of an "equity cushion" or value over and above the senior encumbrances claim as "adequate protection" under § 362(d)(1) with whether there is any "equity" in the property or value above all secured claims against the property that can be realized from the sale of the property for unsecured creditors under § 362(d)(2)(A)." *Id.* 33 B.R. at 186, 11 B.C.D. at 100.

The argument that only the movant's debt, and all encumbrances superior thereto, should be considered in the stay litigation is appealing to me .... particularly in a case under Chapter 11 where the debtor is in possession. Under Texas law the senior encumbrance, through nonjudicial sale, cuts off all rights of the junior encumbrance (except the right to share in any proceeds of nonjudicial sale after all principal, interest, attorneys fees, and other expenses of sale are applied by the senior encumbrances). In that situation there is scant incentive for the senior encumbrance to protect the junior encumbrances. Not infrequently the holder of the junior encumbrance concludes that his interests will be better protected by the debtor than by the holder of a senior encumbrance. Although nothing on the issue is reflected by the record in this case one might speculate that that fact is one reason why the junior encumbrances did not join with SBA in seeking stay relief in this case.

However, it is not necessary to resolve the stay litigation on the equity issue. The debtor testified as to the provisions of a proposed plan which he intends to file within 90 days. Without commenting in any way as to whether the proposal which he has outlined is feasible or whether a plan which includes those proposals could be confirmed it is apparent that the value of the ranch, including improvements, surface, mineral interests, and water rights will not substantially decrease within the period in which the debtors will file their disclosure statement and proposed plan or arrangements and a hearing on adequacy

of disclosure statement and confirmability of plan can be conducted. Where the property against which the security interest is claimed is not reasonably calculated to depreciate that, in itself, is a form of adequate protection which mandates that the motion for modification of stay be denied.

It is, therefore, ORDERED by the Court that the motion for modification of stay filed by Small Business Administration be, and it is hereby, presently denied without prejudice to the right of SBA to again urge its complaint for motion for modification of stay if the debtors' proposed plan or arrangement is not confirmed within a reasonable time.

All relief not herein granted is denied.