PER CURIAM:
 

 Phillip S. Gurley, a debtor in bankruptcy, appeals the district court’s decision affirming the bankruptcy court’s order granting Stewart relief from the automatic bankruptcy stay under 11 U.S.C. § 362(d).
 
 [1]
 
 Gurley challenges the bankruptcy court’s conclusion that he lacks “equity,” within the meaning of 11 U.S.C. § 362(d)(2)(A), in an encumbered apartment complex upon which Stewart seeks to foreclose.
 

 
 *1195
 
 We affirm the district court’s decision because the bankruptcy and district courts properly defined “equity” as the difference between the property value and the total amount of liens against it. They properly rejected a minority view of bankruptcy courts which had looked only to the difference between the value of the property and the value of the lien held by the party seeking to dissolve the stay and more senior liens.
 

 On December 24, 1980, Gurley executed two trust deeds for an eleven unit apartment complex naming James P. Stewart as beneficiary. The trust deeds were executed to secure payment of promissory notes totalling $202,500. Gurley executed a third trust deed securing a $70,000 debt to the Bank of Newport, and a fourth trust deed securing a $150,000 debt to Norma Gurley. Gurley became delinquent on his payments to Stewart. On December 14, 1982, Stewart recorded a notice of default and election to sell. Stewart then initiated foreclosure proceedings but the proceedings were automatically stayed when Gur-ley filed for bankruptcy under Chapter 11.
 

 On February 14, 1983, Stewart filed a complaint in bankruptcy court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d). Significantly, the junior trust deed holders, the Bank of Newport and Norma Gurley, did not seek relief from the automatic stay. Stewart alleged that Gurley lacked equity in the encumbered apartment complex because the total amount of the four liens exceeded the market value of the property and the property was not necessary to an effective reorganization of Gurley’s business. Under 11 U.S.C. § 362(d)(2), a party in interest is entitled to relief from the automatic stay of any acts against property if “(A) the debtor does not have any equity in such property; and (B) such property is not necessary to an effective reorganization.”
 

 The bankruptcy court after a bench trial issued an order granting Stewart relief from the automatic stay and the district court affirmed the bankruptcy court’s decision on January 6, 1984, and Gurley timely appealed. A bankruptcy petition followed and the parties are no longer in dispute as to whether the property is necessary to achieve a reorganization.
 

 The bankruptcy court concluded that Gurley lacked equity in the property because the property’s market value did not exceed $300,000 while the four liens against it amounted to over $400,000. Gur-ley argues that only the liens of secured creditors seeking relief from the automatic stay should be subtracted from the value of the property to determine whether the debtor has equity. Because Gurley’s indebtedness to Stewart is approximately $210,000, and the property is valued at over $270,000, Gurley argues that he does have equity in the property.
 

 The bankruptcy courts that have confronted this issue have differed over the proper definition of “equity” for purposes of section 362(d)(2)(A). The majority has adopted the definition relied upon by the bankruptcy court below: that “equity” refers to the difference between the value of the property and all encumbrances upon it.
 
 See, e.g., In re Faires,
 
 34 B.R. 549, 551 (Bankr.W.D.Wash.1983);
 
 In re Shriver,
 
 33 B.R. 176, 186-87 (Bankr.N.D.Ohio 1983);
 
 In re Trina-Dee, Inc.,
 
 26 B.R. 152, 154 (Bankr.E.D.Pa.1983),
 
 aff'd sub nom. Nazareth National Bank v. Trina-Dee, Inc.,
 
 731 F.2d 170 (3d Cir.1984);
 
 In re St. Peter’s School,
 
 16 B.R. 404, 408 (Bankr.S.D.N.Y.1982);
 
 In re Dallasta,
 
 7 B.R. 883, 885 (Bankr.E.D.Pa.1980).
 
 Cf. In re Mellor,
 
 734 F.2d 1396, 1400-01 (9th Cir.1984) (junior liens, though not relevant in determining whether there is “adequate protection” under section 362(d)(1), may be relevant in determining “equity” under section 362(d)(2)).
 

 The minority view subtracts from the value of the property only the amounts owed to the lienholder challenging the stay and to more senior lienholders.
 
 See, e.g., In re Cote,
 
 27 B.R. 510, 513 (Bankr.D.Or.1983);
 
 In re Palmer River Realty, Inc.,
 
 26 B.R. 138, 140 (Bankr.D.R.I.1983);
 
 In re
 
 
 *1196
 

 Certified Mortgage Corp.,
 
 25 B.R. 662, 663 (Bankr.M.D.Fla.1982). The
 
 Cote
 
 court reasoned that dissolving the stay when some value remains after that subtraction would not be in the best interest of junior lien-holders because foreclosure by the senior lienholder might force the junior lienhold-ers to choose between purchasing the interest of the senior lienholder or losing their own security interests.
 

 We choose not to follow the minority view. The language of the statute simply refers to the debtor’s “equity,” which has been defined as “the amount or value of a property above the
 
 total
 
 liens or charges.”
 
 In re Faires,
 
 34 B.R. at 552 (quoting
 
 Black’s Law Dictionary,
 
 484 (5th ed. 1979) (emphasis added)). The statute does not refer to the debtor’s equity as against the only plaintiff-lienholder seeking to lift the stay or persons holding liens senior to that of the plaintiff-lienholder. The minority view improperly focuses upon the interests of junior lienholders as opposed to the interests of the debtor or senior lienholder. As the bankruptcy court in
 
 La Jolla Mortgage Fund v. Rancho El Cajon Associates,
 
 18 B.R. 283, 290 (Bankr.S.D.Cal.1982), observed, Chapter 11 reorganization should benefit the debtor’s interests and not exclusively those of junior lienholders.
 
 Id.
 
 (citing
 
 In re St. Peter’s School,
 
 16 B.R. at 408). Unless the debtor can demonstrate that the property is necessary to an effective reorganization, the property is of no value to him. Refusing to grant relief from the automatic stay under those circumstances would only promote the junior lienholders’ interests over those of the senior lienholder.
 
 See In re Faires,
 
 34 B.R. at 552. Should the junior lienholders want to protect their interests, they may bid at the foreclosure sale just as if the bankruptcy proceedings had not intervened. The junior lienholders might also find it advantageous in certain instances to have a senior lienholder shoulder the burden of commencing foreclosure proceedings.
 
 See Id.
 

 Affirmed.
 

 [1]
 

 . 11 U.S.C. § 362(d) provides that:
 

 (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against property, if—
 

 (A) the debtor does not have an equity in such property; and
 

 (B) such property is not necessary to an effective reorganization.