In re Earl W. LOUDEN, Debtor.

Bankruptcy No. 86–00089(N).
Motion No. 02.

United States Bankruptcy Court,
E.D. Missouri, N.D.

Feb. 9, 1987.

David L. Welsh, St. Louis, Mo., for debtor.

Dennis R. Dow, Kansas City, Mo., and Robert M. Clayton II, Hannibal, Mo., for Equitable Life Assur. Soc.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

On April 8, 1986, Earl W. Louden ("Louden") filed his voluntary Chapter 11 petition. On August 26, 1986, the Equitable Life Assurance Society of the United States ("Equitable") filed a Motion For Relief From Automatic Stay Or, In The Alternative, For Adequate Protection. After a period of discovery, the parties briefed the issues and the Court held a hearing on the motion on November 19, 1986. Upon the evidence adduced, the briefs of the parties,

and all other matters of record, the Court makes the findings of fact and conclusions of law set forth below and this date enters an order granting Equitable relief from the stay.

## FINDINGS OF FACT

1. Louden is 73 years old and has made his livelihood as a farmer for the last 53 years.

2. Louden's income from farming operations is derived from sales of crops and livestock. In addition, he receives $660.00 per month from Social Security but has approximately $1,000.00 in monthly personal living expenses. He asserts, but I do not find, that his personal efforts as a manager and labor contribute a total of $40,000 to the farm operation.

3. On April 7, 1978 Louden executed a promissory note in favor of Equitable in the principal amount of $500,000 with interest at the rate of 9.25% per annum.

4. To secure the balance due on this promissory note, Louden executed a deed of trust in favor of Equitable on 830 acres of his farmland located in Linn County, Missouri. Louden's principal residence is also located on this real estate, the exact legal description of which is as follows:

The south half of the southeast quarter and the south half of the southwest quarter of Section 26; ALSO all of the southeast quarter of Section 27 lying east of Locust Creek EXCEPT a tract of land in the northeast corner thereof described as follows: Beginning at the northeast corner of said southeast quarter, thence south 16.23 chains, thence west 20.73 chains, thence north to Locust Creek, thence up the center of said Locust Creek to the north line of said southeast quarter, thence east to the place of beginning; AND ALSO all of the north half of the northeast quarter of Section 35, EXCEPT three-fourths of an acre out of the northeast corner thereof,

All of the east half of the southeast quarter; the southwest quarter of the southeast quarter; and the south half of the southwest quarter of Section 35; and also all of the north half of the south-

west quarter and the north half of the north half of the south half of the southwest quarter of Section 36;

The south half of the northeast quarter and the northwest quarter of the southeast quarter and the northeast quarter of the southwest quarter of Section 35; 40 acres, the west half of the west half of the northwest quarter of Section 36; All in Township 57, of Range 21, in Linn County, Missouri.

Equitable recorded its deed of trust in the office of the Recorder of Deeds of Linn County, Missouri on May 1, 1978.

5. Louden failed to make the payments of principal and interest required by the promissory note on June 1, 1985 and June 1, 1986 in the amounts of $15,000 each year.

6. Pursuant to the power of sale contained in the deed of trust, the trustee for Equitable scheduled a foreclosure sale of the property for April 9, 1986.

7. On April 8, 1986, Louden filed his Chapter 11 petition, thereby staying the foreclosure sale.

8. The balance due on the promissory note as of the date of the filing of the petition was $457,928.51, with interest accruing thereafter at the daily rate of $112.33.

9. The real estate securing Equitable's claim is also subject to a subordinate deed of trust in favor of the Brookfield Production Credit Association ("Brookfield"). As of the date of Louden's Chapter 11 petition, Brookfield was owed $585,872.39.

10. As of the date of Louden's Chapter 11 petition, the fair market value of the property was $460,000.00. Since then, the value of the property has depreciated at the rate of 1 to 1½ percent a month. This rate of decline can be expected to continue for the foreseeable future. Since December, 1985, the Debtor has listed his farm for sale for $750.00 per acre, but has been unable to sell it.

11. As indicated on Schedule A–1 of Louden's Schedules of Assets and Liabili-

ties, real property taxes due Linn County for the years 1984 and 1985 in the amount of $6,493.95 also have not been paid. Louden estimates that his 1986 real property taxes will be $3,250.

12. As reflected by Louden's tax returns, he has experienced negative net income for each of the years 1981, 1983, 1984, and 1985. Even after excluding expenses for depreciation and interest, Louden's adjusted net income for the years 1984 and 1985 was a negative $47,729 and a negative $39,149, respectively.

13. Louden currently owns no equipment necessary or useful for growing crops or raising livestock.

14. Louden currently has no crops in the ground awaiting harvest.

15. Louden currently owns no livestock.

16. As of December 31, 1986, Louden had only $3,641.06 in cash.

17. On September 2, 1986, Louden filed his plan and disclosure statement.

18. Louden's plan contemplates alternative methods of "reorganization". Under the first alternative Louden would sell the real estate within one year of the effective date of the plan at a price of not less than $640 per acre. Under the second alternative Louden would continue to operate the farm and pay off Equitable over 30 years. This alternative is based on Equitable's claim being reduced to a principal amount of $460,000 (alternative assumes farmland valued at $554 an acre).

19. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G), which the Court may hear and determine.

2. Equitable and Brookfield have valid liens on the above described 830 acres of Louden's real estate in Linn County, Missouri.

3. Under 11 U.S.C. § 362(d) the Court may grant Equitable relief from the stay if (1) Louden does not have any equity in the real estate and (2) the real estate is not necessary to his effective reorganization.

4. A debtor has equity in property for the purposes of 11 U.S.C. § 362(d) if and only if the value of the property exceeds the amount owed to *all* entities who hold liens on the property, *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir.1984).

5. As of the date of Louden's petition, his real estate had a value of only $460,000.00, whereas the amount owed to Equitable and Brookfield was $1,043,-800.90. Since the value of Louden's real estate has decreased since that time, Louden has no equity in the property.

6. Whether property is necessary to an effective reorganization depends on whether reorganization of the debtor is feasible. If reorganization of the debtor is not feasible, then no property of the debtor can be necessary to an effective reorganization. *In re Ahlers*, 794 F.2d 388, 398 (8th Cir.1986), *petition for cert. filed*, 55 U.S.L.W. 3454 (U.S. Jan. 6, 1987) (No. 86-958).

7. Although a liquidating plan of reorganization such as that proposed in Louden's first alternative can be an effective reorganization, *see, e.g., In re Independence Village, Inc.*, 52 B.R. 715 (Bankr. E.D.Mich.1985), Louden's liquidating plan is not feasible because it is predicated on an unrealistically high valuation of the real estate, viz., sale at $640.00 per acre, whereas the acreage is not worth more and is very probably worth less than $554.00 per acre. Louden's real estate, therefore, is not necessary to an "effective reorganization" under his first alternative.

8. Considering that Louden's farming operation has lost money for the last several years, that Louden owns no farm

equipment and would, therefore, have to rent equipment in order to operate, that Louden has no crops in the field which are a potential source of cash, that Louden has less than $5,000.00 in cash, that Louden's debt on the real estate exceeds $1,000,-000.00, that Louden proposes to pay Equitable over a 30 year period, a period longer than his life expectancy, Louden being 73 years old, the Court concludes that Louden's second alternative plan also is not feasible. Louden's real estate, therefore, is not necessary to an "effective reorganization" under his second alternative plan.

9. Louden has not sustained his burden of proving that his real estate is necessary to an effective reorganization. 11 U.S.C. § 362(g).

10. Equitable is entitled to relief from the stay to enforce its lien against Louden's real estate.

11. The Court having determined that relief from the stay is warranted, any and all issues pertaining to adequate protection of Equitable's interest in the real estate are moot.

12. An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

13. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.