**In re Paul Robert FRANKE and Kim Renee Franke, Debtors.**

**No. ST 01–02726.**

United States Bankruptcy Court, W.D. Michigan.

Sept. 20, 2001.

Patrick S. Fragel, Attorney at Law, Traverse City, MI, for debtors.

Lori A. Jenneman, Trott & Trott PC, Bingham Farms, MI, for creditor.

## OPINION

JO ANN C. STEVENSON, Bankruptcy Judge.

This matter comes before the Court upon the motions of several first lien holders for lift of the automatic stay under 11 U.S.C. § 362(d)(2). In all cases the first secured creditors argue that the stay should be lifted because the debtors have no equity in the property and the property is not necessary for an effective reorganization.

Furthermore, in all cases the first lienholders have an equity cushion while a junior lien holder may not. Consequently,

the issue before the Court is whether we have discretion to deny a first secured creditor's request to lift the stay when it is actually the junior lienholder who stands to lose part or all of its security.

11 U.S.C. § 362(d)(2) states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary for an effective reorganization;

■ The bankruptcy courts that have confronted this issue have differed over the proper definition of "equity" for purposes of this section. They are divided as to whether "equity" refers to the interest of the debtor after all encumbrances are subtracted from the value of the property[1] or whether it refers to the amounts owing only the moving party and those liens superior to the lien of the moving party.[2]

We choose to follow the majority view. The language of the statute unambiguously refers to a debtor's "equity", which has been defined as "the amount or value of a property above the total liens or charges." *In re Faires*, 34 B.R. 549 (Bankr. W.D.Wash.1983) (quoting Black's Law Dictionary, 484 (5th Ed.1979)). The statute does not refer to the debtor's equity as against only the lienholder seeking to lift stay or persons holding liens senior to that of the moving lienholder. We believe the minority view improperly focuses upon the interests of the senior lienholder as opposed to the debtor's lack of equity in the property.

■ The overall purpose and function of the Bankruptcy Code is to strike a balance between creditor protection and debtor relief. In other words, when interpreting the Bankruptcy Code, we must balance as equally as possible all parties' interests: debtors, junior lienholders, unsecured creditors and first secured lienholders alike. Where there is no equity in the property the stay must be lifted.

## ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Motion for Relief From the Automatic Stay and Entry of Order Waiving the Provision of FRBP 4001(a)(3) is GRANTED.

2. Attorney Batchelor shall submit proposed orders as to each of the remaining related cases taken under advisement in which he represents the moving party and

---

**1.** The majority view defines equity as the value, above all secured claims against the property, that can be realized from the sale of the property for the benefit of the unsecured creditors. *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir.1986); *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir.1984); *Nantucket Investors II v. California Federal Bank (In re Indian Palms Associates, Ltd.)*, 61 F.3d 197 (3rd Cir.1995); *In the Matter of Holly's, Inc.*, 140 B.R. 643 (W.D.Mich.1992); *In re Royal Palm Square Associates*, 124 B.R. 129 (Bankr. M.D.Fla.1991); *In re Highland Park Associ-*

*ates, L.P.*, 130 B.R. 55 (Bankr.N.D.Ill.1991); *In re Egea*, 167 B.R. 226 (Bankr.D.Kan.1994).

**2.** The minority view says equity is determined by subtracting from the value of the property only the amounts owed to the lienholder challenging the stay and to more senior lienholders. *United Finance Co. v. Cote (In re Cote)*, 27 B.R. 510 (Bankr.D.Or.1983); *In re Palmer River Realty, Inc.*, 26 B.R. 138 (Bankr.R.I. 1983); *In re Certified Mortgage Corp.*, 25 B.R. 662 (Bankr.M.D.Fla.1982).

the stay should be lifted pursuant to this Opinion.

IT IS FURTHER ORDERED that this Opinion and Order shall be served by first class United States Mail, postage prepaid, upon Principal Residential Mortgage, Inc., James W. Batchelor, Esq., Paul and Kim Franke, Patrick S. Fragel, Esq. and James W. Boyd, Chapter 7 Trustee.