FILED

DEC 01 2011

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. SC-10-1436-HKiMk |
| RICHARD PEREZ, | Bk. No. 10-13174-LA7 |
| Debtor. | |
| RICHARD PEREZ, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| JAMES L. KENNEDY, Trustee; DEUTSCHE BANK NATIONAL TRUST COMPANY, | |
| Appellees. | |

Argued and Submitted on October 20, 2011
at San Diego, California

Filed - December 1, 2011

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Louise DeCarl Adler, Bankruptcy Judge, Presiding

Appearances:     Appellant Richard Perez argued pro se.  Sara L. Markert of Houser & Allison, APC argued for Appellee, Deutsche Bank National Trust Company.

Before: HOLLOWELL, KIRSCHER and MARKELL, Bankruptcy Judges.

---

    [1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Chapter 7[2] debtor, Richard Perez (the Debtor), appeals the bankruptcy court's order granting relief from stay to Deutsche Bank National Trust Company, as Trustee for the Registered Holders of New Century Home Equity Loan Trust, Series 2005-B, Asset-Backed Pass Through Certificates (Deutsche Bank). We DISMISS the appeal as moot.

## I. FACTS

The Debtor executed an adjustable rate mortgage loan in August 2005, with New Century Mortgage Corporation (New Century) in the amount of $344,250 (the Note). The Note was secured by a deed of trust, in favor of New Century, on the Debtor's residence in Santee, California (the Property). The deed of trust was recorded on August 24, 2005. New Century assigned its interest in the deed of trust to Deutsche Bank on November 1, 2005 (the Assignment). The Assignment was recorded on September 24, 2008. Ocwen Loan Servicing, LLC (Ocwen) services the Note for Deutsche Bank.

The Debtor defaulted on the Note. Deutsche Bank scheduled a foreclosure sale for July 27, 2010. That same day, the Debtor filed a chapter 7 bankruptcy petition. James Kennedy was appointed as the bankruptcy trustee (the Trustee). On his bankruptcy Schedule A, the Debtor listed the Property as having a value of $198,980. The Debtor named Ocwen on Schedule D as a holder of a $362,364 secured claim against the Property.

---

[2] Unless otherwise specified, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

On August 23, 2010, the Trustee filed a Report of No Distribution, finding that there was no property available for distribution from the estate over and above that exempted by the Debtor.[3] In the report, the Trustee stated that the estate had been fully administered and requested relief from any further duties.

On September 22, 2010, Deutsche Bank filed a motion for relief from stay against the Debtor and the Trustee in order to proceed with foreclosure proceedings on the Property (Stay Relief Motion). Deutsche Bank sought termination of the stay for cause and because it contended that the Debtor had no equity in the Property and the Property was unnecessary to an effective reorganization. In support of the Stay Relief Motion, Deutsche Bank attached employee declarations, a copy of the Note, deed of trust, and Assignment.

On October 15, 2010, the Debtor filed a 62-page response to the Stay Relief Motion (the Opposition). In the Opposition, the Debtor argued that the Stay Relief Motion should be denied "because the total amount of arrearages is inaccurate and fraudulent based on TILA and [RESPA] violations."[4] The Debtor

---

[3] We have taken judicial notice of various documents filed with the bankruptcy court through the electronic docketing system. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[4] The Truth In Lending Act, 15 U.S.C. § 1601 et seq., and, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.

contended that Deutsche Bank was not entitled to enforce the debt and foreclose on the Property because it had violated the automatic stay, TILA, and RESPA, by assessing various inspection fees, late fees, and attorney's fees, as well as because it engaged in predatory lending practices and fraudulent conduct. The Debtor did not, however, dispute that he was in default on his payment obligations under the Note or that there was no equity in the Property.[5]  The Trustee did not file an opposition to the Stay Relief Motion.

A hearing on the Stay Relief Motion was held on October 21, 2010.  At the hearing, Deutsche Bank appeared through counsel, and the Debtor appeared pro se.  The Trustee did not participate. The Debtor asserted that Deutsche Bank could not seek relief because the original noteholder had not declared a default on the Note and that the fees and arrearages assessed by Deutsche Bank were "illegal based on criminal activity."  Hr'g Tr. (Oct. 21, 2010) at 6:12-20.

The bankruptcy court informed the Debtor that because stay relief hearings were summary in nature, it was determining only whether there was equity in the Property for the benefit of the estate, and that the Debtor could raise in state court all his other claims relating to the Note.  Based on the Debtor's own admission that there was no equity in the Property, the bankruptcy court entered a Civil Minute Order granting the Stay Relief Motion.

---

[5] According to the Debtor's scheduled value of the Property, even without any assessment of fees and arrearages, Deutsche Bank's lien exceeded the value of the Property by over $150,000.

On October 25, 2010, the Debtor received his chapter 7 discharge. His case was inadvertently closed by the bankruptcy court clerk's office on October 28, 2010, while the order granting the Stay Relief Motion was still pending. It was administratively reopened to correct the error on November 5, 2010. The final order granting the Stay Relief Motion was entered on November 10, 2010 (the Stay Order). The Debtor appealed.[6]

The Debtor did not request or obtain a stay pending appeal of the Stay Order. Deutsche Bank conducted a foreclosure sale on the Property on December 16, 2010. The Trustee's Deed Upon Sale was recorded on February 2, 2011.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 157(b)(1) and (b)(2)(G). We address our jurisdiction under 28 U.S.C. § 158 below.

## III. ISSUE

Is the appeal moot? If it is not moot, did the bankruptcy court abuse its discretion in entering the Stay Order?

## IV. STANDARDS OF REVIEW

We lack jurisdiction to hear moot appeals. I.R.S. v. Pattullo (In re Pattullo), 271 F.3d 898, 901 (9th Cir. 2001). If an appeal becomes moot while it is pending before us, we must dismiss it. Id.

---

[6] The Debtor prematurely filed his notice of appeal on November 5, 2010. See Rule 8002(a).

-5-

The bankruptcy court's decision to grant a motion for relief from stay is reviewed for an abuse of discretion. Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d 1074, 1084 n.9 (9th Cir. 2000); Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 915 (9th Cir. BAP 2011).

We apply a two-part test to determine whether the bankruptcy court abused its discretion. United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. Id. Then, we review the bankruptcy court's fact findings for clear error. Id. at 1262 & n.20. We must affirm the bankruptcy court's fact findings unless we conclude that they are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. Id.

## V. DISCUSSION

Constitutional mootness is derived from Article III of the U.S. Constitution, which provides that the exercise of judicial power depends on the existence of a case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC), 391 B.R. 25, 33 (9th Cir. BAP 2008). The mootness doctrine applies when events occur during the pendency of the appeal that make it impossible for the appellate court to grant effective relief. Id. The determining issue is "whether there exists a 'present controversy as to which effective relief can be granted.'" People of Village of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir. 1993) (quoting NW Envtl. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988)). If no effective

-6-

relief is possible, we must dismiss for lack of jurisdiction. United States v. Arkison (In re Cascade Rds., Inc.), 34 F.3d 756, 759 (9th Cir. 1994).

Our review of the record leads us to conclude that we cannot provide effective relief to the Debtor even if we were to reverse the Stay Order because the estate has no interest in the Property and the stay has been dissolved as a matter of law as to property of the estate and the Debtor.

When a chapter 7 bankruptcy petition is filed, an estate is created that comprises essentially all property owned by the debtor. 11 U.S.C. § 541(a); Fitzsimmons v. Walsh (In re Fitzsimmons), 725 F.2d 1208, 1210 (9th Cir. 1984); Towers v. Wu (In re Wu), 173 B.R. 411, 413 (9th Cir. BAP 1994). The filing of a petition under title 11 also creates an automatic stay under § 362(a), which operates to enjoin, among other things,

> (3) any act to obtain possession of property of the estate or of property from the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case.

11 U.S.C. § 362(a)(3),(4) and (5).

However, the stay under § 362 is not permanent. There are explicit time limits governing the duration of the stay:

> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of -

```
            (A) the time the case is closed;
            (B) the time the case is dismissed; or
            (C) if the case is a case under chapter 7 . . .
        the time a discharge is granted or denied.
```

11 U.S.C. § 362(c)(1), (2); see also Severo v. Comm'r of Internal Revenue, 586 F.3d 1213, 1216 (9th Cir. 2009).

The Debtor did not seek or obtain a stay pending appeal from the bankruptcy court or from the Bankruptcy Appellate Panel. Without a stay in place, Deutsche Bank has since concluded foreclosure proceedings against the Property. Additionally, the stay has terminated. The stay is terminated under §§ 362(a)(3) and (a)(4) when the property is no longer property of the estate. Property is no longer property of the estate after the property is sold, abandoned, or returned to the debtor as exempt property. 3 COLLIER ON BANKRUPTCY, ¶ 362.06 (Alan N. Resnick & Henry J. Sommer, eds., 16th rev. ed. 2011).

On August 23, 2010, the Trustee filed a Report of No Distribution indicating that there were no assets to benefit the estate and the estate was fully administered and could be closed. Although filing a report of no distribution may demonstrate a trustee's intent to abandon an asset, the report in and of itself does not result in abandonment unless the bankruptcy court closes the case. Schwaber v. Reed, 940 F.2d 1317, 1321 (9th Cir. 1991); 11 U.S.C. § 554(c). Since the Debtor's bankruptcy case has not yet been closed, the Property has not been technically abandoned. Id. However, it is undisputed that there is no equity in the Property to benefit the estate; therefore, the Trustee did not

defend against the Stay Relief Motion.[7] Consequently, the stay terminated as to the estate when the Stay Order was entered against the Trustee.

Moreover, any protection of the <u>Debtor's</u> interest in the Property under § 362(a)(5) has also terminated. The stay dissolved as to "property of the debtor" as a matter of law when the Debtor received his discharge on October 25, 2010. A reversal on appeal cannot alter that outcome.

Therefore, any possibility that we could provide effective relief to the Debtor if we were to reverse the Stay Order has been overtaken by the dissolution of the stay as a matter of law. The Debtor has received his discharge and the Property is no longer property of the estate and has been sold. The appeal is moot. Accordingly, we dismiss the appeal for lack of jurisdiction and do not reach the merits of whether the bankruptcy court erred in determining that Deutsche Bank was entitled to relief from stay.

## VI. CONCLUSION

For the foregoing reasons, we DISMISS the appeal as moot.

---

[7] Equity, for purposes of § 362(d)(2)(A), is the difference between the value of the property and all encumbrances on it. <u>Sun Valley Newspapers, Inc. v. Sun World Corp. (In re Sun Valley Newspapers, Inc.)</u>, 171 B.R. 71, 75 (9th Cir. BAP 1994) (citing <u>Stewart v. Gurley</u>, 745 F.2d 1194, 1196 (9th Cir. 1984)).